### THE MORRISTOWN.

(Circuit Court of Appeals, Second Circuit. November 14, 1916.)

#### No. 29.

COLLISION ⬅134—DAMAGES.

The cost of repairing injury to rudder from collision is properly allowed, though greater than if repairs had been made continuously; the vessel, to prevent interruption of regular sailing, having proceeded on trip, and been repaired from time to time when in port, and such cost being less than would have been the sum of repairs made continuously and the loss from detention of the ship.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 288; Dec. Dig. ⬅134.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit for collision by the Royal Mail Steam Packet Company against the steam tug Morristown. From the decree, the Delaware, Lackawanna & Western Railroad Company, claimant, appeals. Affirmed.

A. J. McMahon, of New York City, for appellant.

Burlingham, Montgomery & Beecher, of New York City, for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. This is an appeal from a decree of the District Court overruling exceptions to the report of the commissioner assessing damages. The appellant's tow collided with and bent the upper part of the rudder of the steamer Arcardian, lying moored at Pier 14, North River. She is one of a regular line which makes weekly sailings between this port and Bermuda and was about to sail. The damage not being such as to make the steamer unseaworthy, her owners let her proceed to sea and, with a view to maintaining the schedule of their sailings, straightened the rudder from time to time as the vessel was in port, finally putting on a permanent patch. The cost of doing this was $2,066.13. If the work had been done continuously with the vessel in the water, instead of intermittently, the cost together with one day's detention at $1,291.13, would have been $2,111.67. Judge Hough found that one day's detention would have been incurred if the repairs had been so made. The appellant contends that in such

·case only the actual cost of repairs would have been awarded, without any allowance for loss of the use of the vessel, and that therefore the libelant should have been given no more. We do not agree with this contention, and think the District Judge rightly allowed the libelant's actual expenditures because they were less than what the repairs, if made continuously, including the loss caused by the detention of the vessel, would have amounted to.

The decree is affirmed.